UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOMMY ARROWGARP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 14-1216 (CKK) |
| | : | |
| DEPARTMENT OF JUSTICE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

This matter is before the Court on the Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment [ECF No. 13]. The motion is unopposed, and for the reasons stated below, the motion will be granted.

The plaintiff, a federal prisoner, "was convicted upon Criminal Case No. 2:03-CR-00549-DB in the United States District Court [for the] District of Utah[.]" Compl. ¶ 1.[1]  He had been investigated by the Federal Bureau of Investigation ("FBI") and the Bureau of Indian Affairs ("BIA"), and was prosecuted and convicted for sexual abuse of a minor. *See* Defs.' Mem., Hardy Decl. ¶ 5; *see id.*, Boseker Decl. ¶ 15. On or about February 12, 2013, the plaintiff submitted requests for information to the FBI, the BIA, and the Executive Office for United States Attorneys ("EOUSA"), *see* Compl. ¶¶ 5-8, and he brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to "compel[] the Defendants to disclose . . . his entire record of investigation for the years 2000 and 2012 through and including the present as

---

[1]  References to the complaint ("Compl.") are references to the typewritten submission attached to the preprinted form titled "Complaint for Violation of Civil Rights" received by the clerk of court on June 30, 2014 [ECF No. 1].

maintained within the system of records administered by all named Defendants," Compl. ¶ 11. The requests were substantially similar, and each sought "all documents and records naming or concerning Tommy Dell Arrowgarp for the years 2000 to 2012 as respects Case No. 2:03-CR-00549-DB and otherwise in Utah and elsewhere." Defs.' Mem., Strayhorn Decl., Ex. 1

Based on the plaintiff's mention of the State of Utah and his membership in the Ute Indian Tribe located on the Uintah and Ouray reservation in Fort Duschesne, Utah, BIA staff determined that responsive records "would likely be maintained in the District III Office of Justice Services . . . in the BIA's Western Regional Office." Strayhorn Decl. ¶ 3. The matter therefore was referred to District III, employees of which "searched the files of the BIA Fort Duchesne Police Department in Fort Duchesne, Utah, including the BIA electronic data base of law enforcement records [including] police records and detention files," *id*. ¶ 4, using the plaintiff's name as the key word for both manual and electronic searches, *id*. ¶ 7. No responsive records were located. *Id*. The plaintiff's administrative appeal of this determination to the Office of the Solicitor, U.S. Department of the Interior, *see id*., Ex. 3, was denied, *see id*., Ex. 4.

The FBI's search of its Central Records System, *see* Hardy Decl. ¶ 7, yielded responsive records. The FBI reviewed 171 pages and released 89 pages either in full or in part, having withheld certain information under FOIA Exemptions 6, 7(C), 7(D) and 7(E), and by the terms of a court's sealing order. *Id*. ¶ 12. In addition, the FBI referred records to the EOUSA for consultation, *see id*. ¶¶ 12, 18-20, and addressed these matters in conjunction with the plaintiff's February 2013 direct request to the FBI, *id*. ¶ 17. Of these 83 pages of referred records, relying on FOIA Exemptions 6 and 7(C), the FBI released one page to the plaintiff. *Id*. ¶ 21. Lastly, "[f]ollowing consultation with the United States District Court for the District of Utah, Central Division, it was determined that the document/information that had been sealed and subsequently

withheld" by the FBI "was no longer required to be sealed." *Id*. ¶ 22.  The FBI released this five-page document in part, relying on FOIA Exemptions 3, 6, 7(C) and 7(D).  *Id*.  Its declarant averred that all reasonably segregable information has been released to plaintiff.  *Id*. ¶ 62. Although the plaintiff was advised of his right to an administrative appeal, *id*., apparently he did not proceed.

Records responsive to the plaintiff's FOIA request to the EOUSA were located in the United States Attorney's Office for the District of Utah.  Defs.' Mem., Boseker Decl. ¶¶ 15-16. The EOUSA released 4 pages in full, released one page in part, and withheld 40 pages in full (two of which were grand jury transcripts), relying on FOIA Exemptions 3, 5, 6, 7(C), 7(D) and 7(F).  *Id*. ¶¶ 8-9; *see generally id*., Ex. G (Vaughn Index).  In addition, the EOUSA referred records to the FBI and the BIA "to make determinations . . . and respond directly" to the plaintiff.  *Id*. ¶ 10.  The EOUSA's declarant averred that all reasonably segregable information has been released to the plaintiff.  *Id*. ¶ 45.  These determinations were affirmed on administrative appeal to the Office of Information Policy, U.S. Department of Justice.  *Id*. ¶¶ 12-13.

On January 26, 2015, the Court issued an Order [ECF No. 14] advising the plaintiff of his obligation under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the defendants' motion, and specifically warned the plaintiff that, if he did not respond to the motion by February 24, 2015, the Court may treat the motion as conceded.  To date, the plaintiff has not filed an opposition to the motion or requested more time to do so.  Nor has the plaintiff notified the Clerk of Court of a new address.

For purposes of this Memorandum Opinion, the above facts are deemed admitted. *See* LCvR 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues."). Although the Court may treat the government's unopposed motion as conceded, *see* LCvR 7(b), summary judgment is warranted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Alexander v. FBI*, 691 F. Supp. 2d 182, 193 (D.D.C. 2010) ("[E]ven where a summary judgment motion is unopposed, it is only properly granted when the movant has met its burden."). Here, the defendants have met their burden, and absent any opposition from the plaintiff, the Court will grant summary judgment in the defendants' favor.

An Order accompanies this Memorandum Opinion.

DATE: April 21, 2015                                     /s/
                                                        COLLEEN KOLLAR-KOTELLY
                                                        United States District Judge